**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-cv-24441-AMC**

K3 ENTERPRISES, INC.,
a Florida Corporation,

                Plaintiff,

v.

LUBA SASOWSKI, an individual,
SASOWSKI WAX HAIR REMOVAL
BAR, LTD., d/b/a HAIR REMOVAL BAR,
a Vancouver, BC Company;
WAX REMOVAL BAR, LLC.,
a Nevada Domestic Limited Liability Company;
and WAXPERT HOLDINGS, LLC, a Nevada
Limited Liability Company.

                Defendants.
_____/

## **MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Pursuant to Federal Rule of Civil Procedure 12(b)(2), Defendants Luba Sasowski, Wax Hair Removal Bar, LLC,[1] and Waxpert Holdings, LLC (collectively, the "Movants") move to dismiss Plaintiff's Complaint for lack of personal jurisdiction.[2]

---

[1] Defendant Sasowski Wax Hair Removal Bar, Ltd. does not seek dismissal on personal jurisdiction grounds. Plaintiff also misnamed Wax Hair Removal Bar, LLC as Wax Removal Bar, LLC in the Complaint. Nonetheless, Plaintiff served the Complaint on Wax Hair Removal Bar, LLC at its corporate address.

[2] The Complaint is also subject to dismissal on other Federal Rule of Civil Procedure 12(b) grounds, including for failure to state a claim. Pursuant to this Court's amended scheduling order, however, the arguments here relate solely to personal jurisdiction. [ECF No. 20]

## I. INTRODUCTION

Continuing its pattern of paying no mind to the various rules and deadlines in this case, Plaintiff K3 Enterprises, Inc. has now missed two deadlines for amending its Complaint following the completion of jurisdictional discovery. Stranger still, K3 twice asked this Court to extend the time for it to complete jurisdictional discovery, and, twice, this Court complied and also granted it more time to file an amended complaint. Thus, while K3 had repeated opportunities to add allegations about personal jurisdiction, it decided to move forward with its original pleading, the Complaint. K3 made this decision at its own peril. And the peril is great, for the Complaint is woefully inadequate at the personal-jurisdiction stage, falling far short of meeting its initial burden of alleging sufficient facts to make out a prima facie case of personal jurisdiction.

In fact, the Complaint does not even attempt to allege the necessary jurisdictional facts. Specifically, for any court to find that personal jurisdiction over the Movants exists in Florida, the court must conclude that the Movants had contacts with Florida. And yet the Complaint mentions no contacts whatsoever by the Movants with Florida. If anything, "Florida" is barely mentioned in the Complaint.

Apparently, K3 seeks to impute one Defendant's contacts with Florida—those of Defendant Sasowski Wax Hair Removal Bar, Ltd., which had a contract with K3 and is not challenging personal jurisdiction—unto the Movants. K3 requests this imputation on the theory that this Court should pierce the corporate veil. With Sasowski Wax Hair Removal Bar, Ltd.'s contacts imputed on the Movants, K3 believes that this Court can find personal jurisdiction over the remaining Defendants. But even here the Complaint is inadequate. Under Florida law, a court can pierce the corporate veil if three elements are met. The Complaint merely mentions one

element. It does not mention the two other elements, even in passing. And it alleges no facts that could support the piercing of the corporate veil.

In sum, as explained in greater detail below, the Complaint fails to allege any contacts between the Movants and Florida, and also fails to allege the elements for piercing the corporate veil in even a conclusory manner. As a matter of law in the Eleventh Circuit, the personal jurisdiction analysis ends with this pleading failure, requiring dismissal of the Movants for lack of personal jurisdiction.

## II. BACKGROUND

### A. Procedural Background

On July 2, 2020, K3 filed its Complaint in Florida state court. In the Complaint, K3 sues Sasowski Wax Hair Removal Bar, Ltd., a Canadian company with which K3 had a distributor agreement. It also sues the Movants. The Complaint alleges that some subset of the Defendants breached the distributor agreement, misappropriated trade secrets, interfered with K3's business, unjustly enriched themselves at K3's expense, or otherwise conspired to harm K3. [ECF No. 1-1 ¶¶ 9, 15–83] On October 28, 2020, the Movants and Sasowski Wax Hair Removal Bar, Ltd. timely removed the Florida state action to federal court. [ECF No. 1]

**1. Judge Altonaga gives K3 jurisdictional discovery and provides a deadline to amend the Complaint for jurisdictional purposes.**

A few days later, Judge Altonaga held a status conference. At the status conference, the Movants informed Judge Altonaga that they would seek to dismiss the Complaint for lack of personal jurisdiction. [ECF No. 31-1 at 4:1–8] Judge Altonaga explained that she wanted to see the motion to dismiss for lack of personal jurisdiction before the parties filed any motion to dismiss on other grounds. [ECF No. 31-1 at 7:15–21] K3 said that it would need jurisdictional discovery

and two months to take that discovery; Judge Altonaga granted K3's request. [ECF No. 31-1 at 7:1–13]

On November 2, 2020, this Court entered an order stemming from the status conference. That order gave K3 until January 4, 2021 to complete jurisdictional discovery, K3 until January 12, 2021 to "file its amended complaint or a notice it intends to proceed with the Complaint," and the Movants until January 22, 2021 to file a motion to dismiss for lack of personal jurisdiction. [ECF No. 8 at 1]

**2. K3 requests more time to complete discovery but does not amend its Complaint.**

Because K3 waited until the last minute before attempting to serve jurisdictional discovery, this Court ended up moving the deadline to complete jurisdictional discovery twice. [ECF No. 23; ECF No. 26] Ultimately, K3 had until January 26, 2021 to amend the Complaint for jurisdictional purposes or to notify the parties that it would proceed with the same Complaint.[3] [ECF No. 28] January 26, 2021 came and went, and K3 did not file an amended complaint. The Court also set a deadline of February 12, 2021 for the amendment of pleadings, ECF No. 28, and that deadline also passed without K3 seeking to amend. On February 16, 2021, the Movants filed this motion to dismiss for lack of personal jurisdiction.

**B. Relevant Allegations**

When it comes to personal jurisdiction, the Complaint makes the following allegations.

The Plaintiff is a Florida corporation with its principal place of business in Florida. [ECF No. 1-1 ¶ 1] K3 distributes its products throughout the world, including all of Canada and the United States. [ECF No. 1-1 ¶ 10] Defendant Sasowski Wax Hair Removal Bar, Ltd. is a Canadian

---

[3] K3 also failed to file the required notice "stating that it intends to proceed with the Complaint as-filed at ECF No. 1-1." [ECF No. 20 (citing ECF No. 8 ¶ 2)]

company with its principal place of business in Vancouver, Canada. [ECF No. 1-1 ¶ 3] For the Movants, the Complaint alleges the following places of residence, incorporation, or principal places of business:

- Luba Sasowski resides in Nevada [ECF No. 1-1 ¶ 2];

- Wax Hair Removal Bar, LLC is a Nevada limited liability company with its principal place of business in Las Vegas [ECF No. 1-1 ¶ 4]; and

- Waxpert Holdings, LLC was a Nevada limited liability company with its principal place of business in Las Vegas [ECF No. 1-1 ¶ 5].

The Complaint also alleges that Sasowski Wax Hair Removal Bar, Ltd. executed a "Distributor Agreement" with K3. [ECF No. 1-1 ¶ 9] And the Complaint attaches the Distributor Agreement, which does in fact show that the Canadian corporation (Sasowski Wax Hair Removal Bar, Ltd.) executed the agreement. [ECF No. 1-1 at 21, 27] None of the Movants were parties to the Distributor Agreement. The Complaint also alleges that the Canadian corporation executed yet another distribution agreement, but that agreement is not signed by anyone.[4] [ECF No. 1-1 at 34] Regardless, the only purported parties to this second agreement are Sasowski Wax Hair Removal Bar, Ltd. and K3. Thus, none of the Movants were parties to either of these agreements.

Under the Distributor Agreement, Sasowski Wax Hair Removal Bar, Ltd. would distribute K3's products throughout the "territory," which the Distributor Agreement defined as "British Columbia—Canada." [ECF No. 21] Viewed in the light most favorable to K3, Sasowski Wax Hair Removal Bar, Ltd. executed an agreement with a Florida corporation to buy the Florida corporation's product and distribute it in Canada. But other than that, the Complaint alleges no other contacts by anyone with Florida. Instead, the Complaint seeks to impute Sasowski Wax Hair

---

[4] Because this agreement seeks to restrain trade, it is unenforceable under Florida law unless signed. *See* FLA. STAT. § 542.335(1)(a).

Removal Bar, Ltd.'s contacts to the Movants. Indeed, the Complaint alleges that Luba Sasowski is a party to the Distributor Agreement because she is Sasowski Wax Hair Removal Bar, Ltd.'s "alter ego." [ECF No. 1-1 ¶ 9]

When it comes to the other two Movants—Wax Hair Removal Bar, LLC and Waxpert Holdings, LLC—the allegations are, if anything, more meager. The Complaint never even mentions Wax Hair Removal Bar, LLC or Waxpert Holdings, LLC, except to allege that they are Nevada LLCs with principal places of business in Las Vegas and that they are alter egos of Luba Sasowski. [ECF No. 1-1 ¶¶ 4–5] The Complaint mentions no other contact by the Movants in Florida.

Nevertheless, based on the alter ego theory, the Complaint alleges personal jurisdiction because (1) Defendants "committed a tortious act within" Florida, (2) "caused injury to Plaintiff within" Florida "arising out of an act or omission by the Defendants outside" of Florida, and (3) "breached a contract" in Florida. [ECF No. 1-1 ¶ 7]

### III. LEGAL STANDARD

"A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). Importantly, the allegations must be factual and cannot be conclusory. *See id.* at 1275 & n.16. If a plaintiff meets this initial burden, a defendant may challenge the allegations' veracity through affidavits, at which point "the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." *See id.* (quoting *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002)). Here, the Movants contest whether K3 has even met its initial burden, and so the Court must look at the allegations and exhibits to the Complaint.

## IV. LEGAL ARGUMENT

Sasowski Wax Hair Removal Bar, Ltd. executed an agreement with K3, a Florida company, in which it purchased and distributed K3's products in Canada. The Movants, however, did not execute an agreement. The Complaint's entire theory for forcing the Movants to litigate in Florida is that they are (thanks to Luba Sasowski) alter egos of each other. This theory, however, is beyond flawed. To begin with, Florida law allows courts to pierce the corporate veil (and thereby impute personal-jurisdiction contacts) only when three elements are met. One of those elements is that an entity and its owner be alter egos of each other. But to pierce the corporate veil, a plaintiff must meet two other elements—elements that the Complaint fails to even mention, let alone provide factual support indicating that those elements are satisfied. And, without this theory, the Complaint alleges zero contacts between any of the Movants and Florida. Under the long-arm statute or Due Process Clause, personal jurisdiction therefore does not exist here as to the Movants.

**A. To Find Personal Jurisdiction, a Court Must Find that a Defendant's Contacts Fall Within Florida's Long-Arm Statute and that Personal Jurisdiction Complies with Due Process.**

"A federal court sitting in diversity undertakes a two-step inquiry to determine whether personal jurisdiction exists." *Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1312 (11th Cir. 2018). "First, the exercise of jurisdiction must be appropriate under the forum state's long-arm statute, which delimits the exercise of personal jurisdiction under state law." *Id.* "Second, the exercise of jurisdiction must comport with the Due Process Clause of the Fourteenth Amendment." *Id.* Florida's long-arm statute provides several ways in which a defendant may be subject to jurisdiction in Florida. *See* FLA. STAT. § 48.193. Even exercises of jurisdiction authorized by Florida law, however, "must comport with due process." *Waite*, 901 F.3d at 1312.

As noted in the "Relevant Allegations" section, the Complaint lists three bases under Florida's long-arm statute for finding personal jurisdiction against the Movants: (1) Defendants "committed a tortious act within" Florida (which corresponds to Florida Statutes section 48.193(1)(a)2), (2) Defendants "caused injury to Plaintiff within" Florida "arising out of an act or omission by the Defendants outside" of Florida (which corresponds to section 48.193(1)(a)6), and (3) Defendants "breached a contract" in Florida (which corresponds to section 48.193(1)(a)7). [ECF No. 1-1 ¶ 7] As to the Movants, no factual allegations whatsoever support a finding of personal jurisdiction under these bases.

**B.  No Factual Allegations Support the Conclusion that Florida's Long-Arm Statute Applies.**

To begin with, no factual allegations in the Complaint invoke Florida's long-arm statute as to the Movants.

**1.  The Movants never breached any agreement.**

Take, for instance, K3's allegation that Florida Statutes section 48.193(1)(a)7 applies because the Movants breached a contract in Florida. Under that subsection of the long-arm statute, Florida courts can exercise personal jurisdiction over any person "who personally or through an agent" breaches "a contract in" Florida "by failing to perform acts required by the contract to be performed" in Florida. FLA. STAT. § 48.193(1)(a)7. By its plain language, this portion of Florida's long-arm statute applies where a party breaches the contract by "fail[ing] to perform an act required to be performed in Florida." *Integro Software, LLC v. Concept Dev., Inc.*, 198 So. 3d 887, 894 (Fla. Dist. Ct. App. 2016).[5] Thus, where there is "no allegation that" a defendant "failed to perform

---

[5] When interpreting state substantive law, federal courts "must adhere to the decisions of the state's intermediate appellate courts absent some persuasive indication that the state's highest court would decide the issue otherwise." *Chepstow Ltd. v. Hunt*, 381 F.3d 1077, 1080 (11th Cir. 2004).

any acts required by their contracts to be performed in Florida," the long-arm statute does not apply. *Ware v. Citrix Sys., Inc.*, 258 So. 3d 478, 485 (Fla. Dist. Ct. App. 2018). Here, the Distributor Agreement required no performance by any of the Movants, so the long-arm statute does not apply.

After all, none of the Movants were or are parties to the Distributor Agreement or any other agreement. By their plain language, all of the agreements attached as exhibits to the Complaint (whether signed or unsigned) listed the Canadian entity—Sasowski Wax Hair Removal, Ltd.—as the contracting party. And though Luba Sasowski signed the Distributor Agreement, she did so on behalf of Sasowski Wax Hair Removal, Ltd. By law, then, Luba Sasowski, personally, was not a signatory to the Distributor Agreement. *See Delta Air Lines, Inc. v. Wilson*, 210 So. 2d 761, 763 (Fla. Dist. Ct. App. 2007) ("[T]he signature of a corporate officer placed under the name of the corporation . . . does not create personal liability."); RESTATEMENT (THIRD) OF AGENCY § 6.01 ("When an agent . . . makes a contract on behalf of a disclosed principal, . . . the agent is not a party to the contract unless the agent and third party agree otherwise."). Hence, the Distributor Agreement posed no obligation on Luba Sasowski personally or on any of the other Movants.

Put differently, since the Movants were neither bound by the agreements at issue nor had to perform under any of the agreements, they could not have breached those agreements in Florida.

### 2. Section 48.193(1)(a)6 does not apply to this lawsuit.

K3 seeks to also invoke section 48.193(1)(a)6 when it alleges that personal jurisdiction over the Movants exists because they caused "injury to Plaintiff within this state arising out of an act or omission by the Defendants outside of this state." [ECF No. 1-1 ¶ 7] But this allegation purposefully avoids quoting the text of the relevant statute because the statute's language demolishes K3's position.

In relevant part, that subsection of the long-arm statute allows Florida courts to find personal jurisdiction only "if, at or about the time of the injury, either: a. The defendant was engaged in solicitation or service activities within this state; or b. Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use." FLA. STAT. § 48.193(1)(a)6. Of course, the Complaint never alleges that any of the Movants solicited services at the time of K3's injury. And it never alleges that Movants sold products in Florida. But, more fundamentally, this statutory section applies to products-liability cases—that is, it applies where a defendant's services or product cause *physical* injury to a plaintiff or a plaintiff's property in Florida. *See Homeway Furniture Co. of Mount Airy, Inc. v. Horne*, 822 So. 2d 533, 537 (Fla. Dist. Ct. App. 2002) ("The Florida cases applying this section all address cases in which a product causes bodily injury or property damage."). And here K3 does not allege any injury to a person or personal property.

To the contrary, the Complaint alleges financial injury alone—the loss of business and clients. Florida Statutes section 48.193(1)(a)6 simply does not apply in this context. *See Aetna Life & Cas. Co. v. Therm-O-Disc, Inc.*, 511 So. 2d 992, 994 (Fla. 1987) ("We hold that the provisions of section 48.193(1)(f) contemplate personal injury or physical property damage."); *Astro Aluminum Treating Co. v. InterContal, Inc.*, 296 So. 3d 462, 468 (Fla. Dist. Ct. App. 2020) (similar). And so this Court cannot find personal jurisdiction over the Movants under this portion of the long-arm statute.

**3. K3 Enterprises alleges no tortious conduct occurring in Florida.**

Finally, the Complaint seeks to impose personal jurisdiction upon the Movants because they "committed a tortious act within this State." [ECF No. 1-1 ¶ 7] And, in fact, Florida courts have personal jurisdiction over a defendant who commits "a tortious act within this state." FLA.

STAT. § 48.193(1)(a)2. Critically, the focus is not on where a plaintiff is damaged, but "where a defendant's tortious conduct occurred." *Rautenberg v. Falz*, 193 So. 3d 924, 930 (Fla. 2016). And so this "statute expressly requires that the tort be committed in Florida." *Casita, LP v. Maplewood Equity Partners*, 960 So. 2d 854, 857 (Fla. Dist. Ct. App. 2007). And yet the Complaint never alleges that any of the Movants committed *any* tort in Florida.

In fact, excluding the Complaint's references to the Florida Statutes and the boiler-plate venue and jurisdictional allegations, the Complaint never mentions that the Movants performed any conduct whatsoever—let alone tortious conduct—in Florida. As mentioned above, the Complaint does not allege that Wax Hair Removal Bar, LLC or Waxpert Holdings, LLC did anything at all.

Even giving K3 Enterprises the benefit of all doubts, at best, it alleges that Luba Sasowski contacted K3 some eight years ago to execute the Distributor Agreement on behalf of Sasowski Wax Hair Removal, Ltd.[6] [ECF No. 1-1 ¶ 9] But executing an agreement or requesting to do so is not tortious conduct, regardless of whether it was signed on behalf of a corporate entity. Besides Sasowski Wax Hair Removal Bar, Ltd.'s contractual obligations to K3, the Complaint fails to allege any conduct in Florida at all. For that reason, this Court must grant the Movants' motion to dismiss on personal-jurisdiction grounds. *See United Techs.*, 556 F.3d at 1275 n.16 (noting that allegations that defendants conducted business involving sales of certain products in Florida were insufficient without alleging magnitude of business).

---

[6] And even this is a stretch. The Complaint never alleges that Luba Sasowski communicated with K3 in Florida, but the Complaint does allege that K3 does business throughout Canada and the United States.

## C. A Fortiori, the Complaint's Allegations Do Not Comport with Due Process.

The Complaint's allegations also fail to comply with due process. The statutory sections on which the Complaint relies for personal jurisdiction give Florida courts specific jurisdiction over a person.[7] And the Eleventh Circuit applies a three-part test to determine whether a Court may exercise specific jurisdiction under the Due Process Clause.

To begin with, a court must determine if "the defendant 'purposefully availed' itself of the privilege of conducting activities within the forum state." *Waite*, 901 F.3d at 1313. This essentially requires that the defendant *herself* reach into the forum state (here, Florida) to make contacts with the forum. *See Walden v. Fiore*, 571 U.S. 277, 284 (2014). Next, a court should consider whether the plaintiff's claims "arise out of relate to" the defendant's "contacts with the forum." *Waite*, 901 F.3d at 1313; *see also Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1078 (10th Cir. 2008) ("Having determined that defendants 'purposefully directed' their activities at the forum state, due process requires us next to ask whether plaintiffs' injuries 'arise out of' defendants' contacts with the forum jurisdiction."). Under this part of the test, claims "arise out of or relate to" an act of a defendant in the forum if the act was at least a but-for cause of the claims. *Waite*, 901 F.3d at 1313. Finally, courts must "consider whether the defendant has 'made a compelling case that the exercise of jurisdiction would violate traditional notions of fair play and substantial justice.'" *Id.*

---

[7] This contrasts with section 48.193(2), which provides Florida courts with general jurisdiction over a defendant. A Court may exercise general jurisdiction when the Defendant is "essentially at home in the forum state." *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014) (quoting *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 919 (2011)). Barring exceptional cases, a defendant is "at home" in her domicile or its place of incorporation and principal place of business. *See Goodyear*, 564 U.S. at 924; *Alulis v. Container Store, Inc.*, No. 29-2564, 2020 WL 2556946, at *2 n.2 (E.D. Pa. May 20, 2020). The Complaint never seeks to invoke general jurisdiction. In any event, the Complaint does not allege that any of the Movants is at home in Florida.

As to the Movants, dismissal is required under this framework. There is no need to belabor the point: The Complaint alleges no contacts whatsoever between the Movants and Florida. It is therefore impossible to conclude that the Movants purposefully availed themselves of the privilege of conducting business in Florida, that any purposeful availment gave rise to K3's claims, or that personal jurisdiction here comports with fair play or substantial justice.

### D.  The Court Cannot Pierce the Corporate Veil.

Presumably, K3 will argue that this Court should impute Sasowski Wax Hair Removal Bar, Ltd.'s contacts with Florida (i.e., the Distributor Agreement) to the Movants because they are all alter egos of each other. [ECF No. 1-1 ¶¶ 3–5, 9] To be sure, a court can pierce the corporate veil to impute a company's contacts to its owner. *See Abdo v. Abdo*, 263 So. 3d 141, 149 (Fla. Dist. Ct. App 2018). But courts do not pierce corporate veils on whims. Instead, under Florida law, "to disregard" the corporate form, a litigant must prove that (1) the owners "dominated and controlled the corporation to such an extent that the corporation's independent existence was in fact non-existent" and the owners "were in fact alter egos of the corporation"; (2) the "corporate form must have been used fraudulently or for an improper purpose"; *and* (3) "the fraudulent or improper use of the corporate form caused injury to" that litigant. *Molinas Valle del Cibao v. Lama*, 633 F.3d 1330, 1349 (11th Cir. 2011) (citing *Gasparini v. Pordomingo*, 972 So. 2d 1053, 1055 (Fla. Dist. Ct. App. 2008) (per curiam)). In other words, "alter ego" is a necessary element to piercing the corporate veil, but an owner's domination of an entity such that the two are alter egos is not *sufficient* to pierce the corporate veil. And that is the Complaint's downfall, for it mentions that Luba Sasowski is the Movants' alter ego, but it never alleges the other two elements or facts supporting those elements.

The Complaint states, solely, that Luba Sasowski is the alter ego of Sasowski Wax Hair Removal Bar, Ltd., Waxpert Holdings, LLC, and Wax Hair Removal Bar, LLC. [ECF No. 1-1 ¶¶ 3–5, 9] Of course, that legal conclusion is not enough, but, even if it was, that allegation is just one of the three elements necessary to pierce the corporate veil. *See Lipsig v. Ramlawi*, 760 So. 2d 170, 187 (Fla. Dist. Ct. App. 2000) (stating that showing corporation is shareholder's alter ego is not enough to pierce corporate veil). The Complaint's failure to even mention the other two elements—fraudulent or improper purpose and harm to litigant—is dispositive and requires a rejection of this theory.

In any event, the Complaint is devoid of any facts supporting its conclusion that Luba Sasowski is the alter ego of Sasowski Wax Hair Removal Bar, Ltd., Waxpert Holdings, LLC, or Wax Hair Removal Bar, LLC. The Complaint alleges that Luba Sasowski owns these entities, but "mere ownership of a corporation by . . . one shareholder is insufficient" to make the entity an alter ego. *Gasparini*, 972 So. 2d at 1055. Instead, a plaintiff must allege facts showing that the corporation's "independent existence[]" is "in fact non-existent." *Id.* The Complaint alleges no facts remotely meeting that standard.

Nor does the Complaint allege facts showing an unlawful or improper purpose. Under Florida law, an entity is used for unlawful or improper purposes when the entity is used "to mislead or defraud creditors, to hide assets, to evade the requirements of a statute or some analogous betrayal of trust." *Lipsig*, 760 So. 2d at 187. The Complaint does not allege that the Movants have defrauded any creditors. No assets have been hidden. And K3 does not state that Luba Sasowski

used the Movants to evade some statutory requirement. Given the dearth of allegations, dismissal is required.[8]

### E. Having Failed To Meet Its Initial Burden, K3 Enterprises Cannot Rely on Evidence.

A final note. Because the Complaint is absolutely devoid of any allegations supporting personal jurisdiction, K3 may not seek to introduce affidavits and other evidence from the jurisdictional discovery. K3 elected not to amend, and so the Complaint is the operative pleading for the purposes of evaluating whether there is personal jurisdiction over the Defendants. In fact, even though the parties may have engaged in jurisdictional discovery, that does not remove a plaintiff's initial pleading burden with respect to personal jurisdiction.

The Eleventh Circuit Court of Appeals agrees. In *Diulus v. American Express Travel Related Services Co.*, two plaintiffs asserted that the district court erred when it granted a defendant's motion to dismiss for lack of personal jurisdiction. 823 F. App'x 843 (11th Cir. 2020) (per curiam). As K3 will surely argue here, the plaintiffs there argued that "even if their complaint was deficient, the district court should have looked to their affidavit attached to, and documents referenced in, their response to the motion to dismiss." *Id.* at 849. The Eleventh Circuit rejected the argument:

> [T]he Diuluses misunderstand the three-step burden-shifting process for evaluating a dismissal for lack of personal jurisdiction. Once the defendant files a motion to dismiss, the plaintiff "bears the initial burden of alleging in the compliant sufficient facts to make out a prima facie case of jurisdiction." If the plaintiff doesn't meet his burden, the district court doesn't go to the second or third steps of the burden-shifting process, and the motion should be granted.

---

[8] Florida state courts apply a similar legal standard when reviewing motions to dismiss for lack of personal jurisdiction. Like this Court should do, Florida state courts refuse to impute contacts under the doctrine of piercing the corporate veil when a pleading fails to allege sufficient facts to support that doctrine. *See Parisi v. Kingston*, No. 3D20-811, 2021 WL 113379, at *6 (Fla. Dist. Ct. App. Jan. 13, 2021); *Abdo*, 263 So. 3d at 150.

> The court will look to the plaintiff's affidavits and other discovery only if (1) the complaint alleged sufficient facts to make out a prima facie case of personal jurisdiction, and (2) "the defendant challenges jurisdiction by submitting affidavit evidence in support of its position."

*Id.* Here, of course, the Movants are attacking the Complaint's allegations, and the Movants have not relied on any affidavits or additional documents. The Movants only attack the Complaint, so this Court cannot "look elsewhere" to determine if K3 "fail[s] to allege a prima facie case of personal jurisdiction." *Id.* K3, therefore, must show that the Complaint includes sufficient factual allegations to provide this Court with personal jurisdiction over the Movants. The Complaint does not do that, so dismissal is required.[9]

## V. CONCLUSION

For these reasons, the Complaint should be dismissed for lack of personal jurisdiction as to Defendants Luba Sasowski, Wax Hair Removal Bar, LLC, and Waxpert Holdings, LLC.

---

[9] Moreover, even if the Court were to review the jurisdictional discovery, it would not change the jurisdictional analysis for this Complaint. Not only is there no basis in the pleadings to pierce the corporate veil of any Defendants, there is also no legal or factual basis to do so under any circumstance.

Dated:  February 16, 2021                    Respectfully Submitted,

*/s/ Adam M. Schachter*
ADAM M. SCHACHTER
Florida Bar No. 647101
aschachter@gsgpa.com
FREDDY FUNES
Florida Bar No. 87932
ffunes@gsgpa.com
ANDREW J. FULLER
Florida Bar No. 1021164
afuller@gsgpa.com
Gelber Schachter & Greenberg, P.A.
1221 Brickell Avenue, Suite 2010
Miami, Florida 33131
Telephone: (305) 728-0950
E-service: efilings@gsgpa.com

*Counsel for Defendants*