UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-24441-CIV-CANNON/OTAZO-REYES

K3 ENTERPRISES, INC.,

     Plaintiff,

v.

LUBA SASOWSKI, *et al.*,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Defendant Waxpert Holdings, LLC's ("Waxpert") Motion to Determine Entitlement to Attorney's Fees (hereafter, "Entitlement Motion") [D.E. 108]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Aileen M. Cannon, United States District Judge [D.E. 109]. The undersigned held a hearing on this matter on March 1, 2022 (hereafter, "Hearing"). For the reasons stated below, the undersigned respectfully recommends that Waxpert's Entitlement Motion be GRANTED IN PART. It is further recommended that, per Waxpert's request, a determination as to the amount of fees to be awarded to Waxpert in this action be DEFERRED pending the Court's ruling as to entitlement. See Entitlement Motion [D.E. 108 at 5].

## PROCEDURAL AND FACTUAL BACKGROUND

On July 2, 2020, Plaintiff K3 Enterprises, Inc. ("Plaintiff") commenced this action for damages and injunctive relief in the Circuit Court of the Eleventh Judicial Circuit for Miami-Dade County, Florida against Luba Sasowski ("Sasowski"), Sasowski Wax Hair Removal Bar, Ltd. ("Canadian Wax Bar"), Wax Hair Removal Bar, LLC ("Nevada Wax Bar"), and Waxpert. See

Compl. [D.E. 1-1 at 2–20].  On October 28, 2020, the case was removed pursuant to 28 U.S.C. §§

1332, 1441, and 1446.  See Notice of Removal [D.E. 1 at 1].

In its Amended Complaint, Plaintiff asserted the following claims against Sasowski,

Canadian Wax Bar, Nevada Wax Bar, Waxpert, and No. 5 Distributing, Inc. ("No. 5 Distributing")

(collectively, "Defendants"): (1) breach of non-compete clause; (2) breach of confidentiality

clause; (3) breach of trademark clause; (4) misappropriation of trade secrets pursuant to the Florida

Uniform Trade Secrets Act ("FUTSA"); (5) injunctive relief; (6) tortious interference with

business relationships; (7) civil conspiracy; (8) unjust enrichment; and (9) breach of fiduciary duty.

See Am. Compl. [D.E. 62].  Counts 1 through 3 pertained to Defendants' alleged breaches of a

distribution agreement (hereafter, "2010 Distributor Agreement").  See id. ¶¶ 30–45.

On August 25, 2021, Defendants filed their Motion to Dismiss the Amended Complaint

[D.E. 73].  On November 22, 2021, the Court granted in part and denied in part Defendants' Motion

to Dismiss the Amended Complaint.  See Order [D.E. 95].  The Court held, inter alia, that, "[i]n

light of the parties' agreement at the November 10, 2021 motion hearing, this action is

**DISMISSED WITHOUT PREJUDICE** as to all claims and causes of action against [Waxpert]

only pursuant to Federal Rule of Civil Procedure 41(a)(2)."  Id. at 19 (emphasis in original).

Waxpert's dismissal followed this exchange at the November 10, 2021, hearing:

| Plaintiff's counsel: | Waxpert [], I would concede, at this point, is that we have learned that Waxpert [] has been dissolved, it doesn't exist anymore. So we can take Waxpert [] out of the picture. |
|---|---|
| | . . . |
| The Court: | I know you said that Waxpert [] has been dissolved, so would you have any objection to an order of dismissal as to that [D]efendant? |
| Plaintiff's counsel: | I do not, Your Honor. |

2

See Transcript of Nov. 10, 2021, Hearing [D.E. 121 at 16:22–25, 18:14–18].

The November 22, 2021, Order also provided that:

➤ Counts 1–3 (breaches of the 2010 Distributor Agreement) were dismissed without prejudice against Sasowski, Nevada Wax Bar, and No. 5 Distributing because they "fail[ed] to sufficiently establish plausible claims for breach of contract against the Defendants that were not signatories to the 2010 Distributor Agreement"; and

➤ Count 4 (misappropriation of trade secrets pursuant to FUTSA) was permitted to proceed against all Defendants (except dismissed party Waxpert) because it "sufficiently allege[d] that Plaintiff took steps to protect the secrecy of information" and was "sufficiently precise to put Defendants on notice as to the alleged trade secret information."

See Order [D.E. 95 at 15–18, 20].

On December 20, 2021, Plaintiff filed its Second Amended Complaint, asserting claims for: breach of the 2010 Distributor Agreement and breach of an agreement dated June 15, 2012, against Canadian Wax Bar; breach of oral contract against Canadian Wax Bar, Nevada Wax Bar, and Sasowski; and misappropriation of trade secrets pursuant to FUTSA against Canadian Wax Bar, Nevada Wax Bar, Sasowski, and No. 5 Distributing. See Second Am. Compl. [D.E. 99].

On January 20, 2022, Waxpert filed its Entitlement Motion, arguing that it is a prevailing party in this action by virtue of the Court's November 22, 2021, Order and is therefore entitled to an award of reasonable attorney's fees pursuant to Sections 688.005 and 542.335(1)(k), Florida Statutes. See Entitlement Motion [D.E. 108 at 6, 9]. On February 7, 2022, Plaintiff filed its Response in Opposition to Waxpert's Entitlement Motion (hereafter, "Response") [D.E. 113]. On February 14, 2022, Waxpert filed its Reply in Support of its Entitlement Motion (hereafter, "Reply") [D.E. 115]. On February 15, 2022, Plaintiff filed a Notice of Supplemental Authority [D.E. 116], and on February 22, 2022, Waxpert filed a Response to Plaintiff's Notice of Supplemental Authority [D.E. 118].

3

## APPLICABLE LAW

"Where the right to attorneys' fees and costs sounds in state law and reaches this Court by way of federal diversity jurisdiction, we apply the substantive law of the forum state." Dependable Component Supply, Inc. v. Carrefour Informatique Tremblant, Inc., 572 F. App'x 796, 801 (11th Cir. 2014) (citation omitted).  Therefore, in this diversity action, Florida law applies.

Under Florida law, "a prevailing party is the one who succeeds 'on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" Ffrench v. Ffrench, 418 F. Supp. 3d 1186, 1189 (S.D. Fla. 2019) (quoting Moritz v. Hoyt Enter., Inc., 604 So. 2d 807, 810 (Fla. 1992)).  "Florida law looks for '(1) a situation where a party has been awarded by the court at least some relief on the merits of his claim, or (2) a judicial imprimatur on the change in the legal relationship between the parties.'" Dependable Component, 572 F. App'x at 801 (quoting Smalbein ex rel. Estate of Smalbein v. City of Daytona Beach, 353 F.3d 901, 905 (11th Cir. 2003)).  "[A] defendant may 'prevail' even where the case is not dismissed on the merits." Henn v. Ultrasmith Racing, LLC, 67 So. 3d 444, 445 (Fla. 4th DCA 2011).

Section 688.005, Florida Statutes (hereafter, "Section 688.005") provides that "[i]f a claim of misappropriation is made in bad faith, a motion to terminate an injunction is made or resisted in bad faith, or willful and malicious misappropriation exists, the court may award reasonable attorney's fees to the prevailing party." See Fla. Stat. § 688.005.

Section 542.335(1)(k), Florida Statutes (hereafter, "Section 542.335(1)(k)") provides:

> In the absence of a contractual provision authorizing an award of attorney's fees and costs to the prevailing party, a court may award attorney's fees and costs to the prevailing party in any action seeking enforcement of, or challenging the enforceability of, a restrictive covenant. A court shall not enforce any contractual provision limiting the court's authority under this section.

See Fla. Stat. § 542.335(1)(k).

## DISCUSSION

I.      **Whether Waxpert complied with Southern District of Florida Local Rule 7.3.**

At the Hearing, Plaintiff's counsel argued for the first time that Waxpert had failed to comply with Southern District of Florida Local Rule 7.3 ("Local Rule 7.3") before filing its Entitlement Motion.  Local Rule 7.3(b) provides, in pertinent part:

> [A] draft motion [for attorney's fees and/or non-taxable expenses and costs] compliant with Local Rule 7.3(a)(1)–(8) must be served but not filed at least thirty (30) days prior to the deadline for filing any motion for attorneys' fees and/or costs that is governed by this Local Rule. Within twenty-one (21) days of service of the draft motion, the parties shall confer and attempt in good faith to agree on entitlement to and the amount of fees and expenses not taxable under 28 U.S.C. § 1920. The respondent shall describe in writing and with reasonable particularity each time entry or nontaxable expense to which it objects, both as to issues of entitlement and as to amount, and shall provide supporting legal authority.

See S.D. Fla. Local Rule 7.3(b).

In its Entitlement Motion, Waxpert certified that "[a]s required by the Local Rules, Waxpert [] timely served a draft of this motion on Plaintiff on December 21, 2021, 30 days or more before the due date for this motion.  On December 23, 2021, Plaintiff advised it opposes the motion."  See Entitlement Motion [D.E. 108 at 10].  Waxpert further stated that "[f]ollowing a favorable ruling as to entitlement, [it] will provide a motion seeking award of a reasonable amount, which will include the information required by Local Rule 7.3(a)." Id. at 9.

Given the foregoing, the undersigned finds that Waxpert sufficiently complied with Local Rule 7.3(b).  See Carnival Corp. v. McCall, No. 18-24588-CIV, 2021 WL 2338647, at *4 (S.D. Fla. Apr. 26, 2021), report and recommendation adopted, 2021 WL 2333102 (S.D. Fla. June 8, 2021) ("[T]he Court has discretion in applying the Local Rules.") (citing Maale v. Kirchgessner, No. 08-80131-CIV, 2011 WL 1549058, at *5 (S.D. Fla. Apr. 22, 2011)).  Moreover, Federal Rule of Civil Procedure 54 provides that: "The court may decide issues of liability for fees before

receiving submissions on the value of services." Fed. R. Civ. P. 54(d)(2)(C). Therefore, the undersigned finds no basis for summarily denying the Entitlement Motion, as requested by Plaintiff.

## II.     Whether Waxpert is a prevailing party.

Section 688.005 and Section 542.335(1)(k) both expressly require a finding of prevailing party status to award attorney's fees. See Fla. Stat. § 688.005; Fla. Stat. § 542.335(1)(k). Waxpert argues that it is a prevailing party "by virtue of Plaintiff's voluntary dismissal and this Court's dismissal of breach-of-contract and related claims". See Entitlement Motion [D.E. 108 at 6]. Plaintiff counters, however, that Waxpert cannot be a prevailing party because it has not "received a judgment on the merits, or obtained a court-ordered consent decree that creates a material alteration of the legal relationship of the parties." See Response [D.E. 113 at 3] (quotation marks and citation omitted). Plaintiff further argues that a dismissal without prejudice "is insufficient to award fees because it does not materially change the parties' legal relationship . . . as the plaintiff may re-file the case." See Response [D.E. 113 at 4–5] (citations omitted). As discussed below, Plaintiff's position is not supported by the applicable law.

In this case, the Court dismissed Waxpert without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2) ("Rule 41(a)(2)"), which provides, in part, that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2); see Order [D.E. 95 at 19]. Courts applying Florida law have uniformly held that, in the context of a dismissal without prejudice, the defendant is considered a prevailing party. See Dependable Component, 572 F. App'x at 801 ("Here, Defendant is the prevailing party under Florida law, as the district court dismissed Plaintiff's action against Defendant, despite the fact that the dismissal was without prejudice.") (citing Valcarcel v. Chase Bank USA NA, 54 So.

3d 989, 991 (Fla. 4th DCA 2010); Henn, 67 So. 3d at 445–46; Baratta v. Valley Oak Homeowners'

Ass'n at the Vineyards, Inc., 891 So. 2d 1063, 1065 (Fla. 2d DCA 2004); Alhambra Homeowners

Ass'n, Inc. v. Asad, 943 So. 2d 316, 318 (Fla. 4th DCA 2006)); see also Related ISG Realty, LLC

v. Related Int'l Realty, LLC, No. 19-23216-CIV, 2021 WL 1222660, at *3 (S.D. Fla. Feb. 25,

2021), report and recommendation adopted, 2021 WL 1216743 (S.D. Fla. Mar. 31, 2021)

("Generally [under Florida law], when a plaintiff voluntarily dismisses an action, the defendant is

deemed the prevailing party for purposes of attorney's fees.").

Thus, it is clear that Waxpert's voluntary dismissal pursuant to Rule 41(a)(2) renders it a

prevailing party under Florida law.  See, e.g., Young v. NCH Invs., LLC, No. 16-23124-CIV, 2017

WL 7355333, at *1 (S.D. Fla. Jul. 19, 2017), report and recommendation adopted, 2017 WL

7360401 (S.D. Fla. Aug. 3, 2017) (applying Florida law and finding that a defendant was a

prevailing party entitled to an award of reasonable attorney's fees after voluntary dismissal without

prejudice pursuant to Rule 41(a)(2)).

**III.    Whether Waxpert may recover attorney's fees pursuant to Section 688.005.**

Waxpert argues that it is entitled to an award of attorney's fees under Section 688.005,

namely, FUTSA.  See Entitlement Motion [D.E. 108 at 9].  "Under FUTSA, [i]f a claim of

misappropriation is made in bad faith . . . the court may award reasonable attorney's fees to the

prevailing party."  Healthcare Res. Mgmt. Grp., LLC v. EcoNatura All Healthy World, LLC, No.

20-81501-cv, 2022 WL 1537757, at *10 (S.D. Fla. May 12, 2022) (alterations in original)

(quotation marks omitted).

Though "[b]ad faith . . . is not defined in FUTSA, nor in the Uniform Trade Secrets Act

upon which it is based . . . [t]he majority of courts interpreting the 'bad faith' language of the

attorney fees provision of the Uniform Trade Secrets Act in other states require something more

than an objectively frivolous claim and generally require proof of subjective misconduct."
Healthcare Resources, 2022 WL 1537757, at *10 (internal quotation marks and citations omitted).
To support a finding of subjective misconduct, a plaintiff must "know[] or is reckless in not
knowing that its claim for trade secret misappropriation has no merit", which may be proven "by
direct evidence of actual knowledge or may be inferred from the speciousness of plaintiff's trade
secret claim and its conduct during litigation." Id. at *11 (internal quotation marks and citation
omitted).    Section 688.005 "vests a trial court with discretion to award attorney's fees
notwithstanding a finding of 'willful and malicious appropriation.'" Chetu, Inc. v. Salihu, No. 09-
60588-CIV, 2010 WL 2680088, at *2 (S.D. Fla. Jul. 6, 2010) (citation omitted).

In light of these standards, the undersigned concludes that Waxpert "has failed to establish
bad faith" or that Plaintiff's FUTSA claim against Waxpert was "without substantial fact or legal
support". See Related ISG Realty, 2021 WL 1222660, at *3.  In its Order on Defendants' Motion
to Dismiss the Amended Complaint [D.E. 95], the Court found that Plaintiff's FUTSA claim
"sufficiently allege[d] that Plaintiff took steps to protect the secrecy of information" and was
"sufficiently precise to put Defendants on notice as to the alleged trade secret information." See
Order [D.E. 95 at 17–18].  Accordingly, the Court explicitly permitted Plaintiff's FUTSA claim to
proceed "against all Defendants (except dismissed party Waxpert [])." Id. at 20.  Moreover, the
Court did not predicate Waxpert's dismissal on any bad faith conduct by Plaintiff or a
determination that Plaintiff's FUTSA claim against Waxpert was frivolous.  Rather, Waxpert was
voluntarily dismissed pursuant to Rule 41(a)(2). Id. at 19.

Since the record does not support a finding that Plaintiff acted in bad faith by bringing a
FUTSA claim against it, Waxpert is not entitled to an award of attorney's fees pursuant to Section
688.005. See Related ISG Realty, 2021 WL 1222660, at *3.

8

**IV.     Whether Waxpert may recover attorney's fees pursuant to Section 542.335(1)(k).**

Waxpert also moves for attorney's fees pursuant to Section 542.335(1)(k), which "allows an award of attorney's fees to the prevailing party 'in any action seeking enforcement of, or challenging the enforceability of, a restrictive covenant.'" Sun Grp. Enters., Inc. v. DeWitte, 890 So. 2d 410, 412 (Fla. 5th DCA 2004).  "Florida Statute § 542.335(1)(a) provides [that] '[a] court shall not enforce a restrictive covenant unless it is set forth in a writing signed by the person against whom enforcement is sought.'" Mobile Shelter Sys. USA, Inc. v. Grate Pallet Sols., LLC, No. 3:10-cv-978-J-37JBT, 2013 WL 3815595, at *4 (M.D. Fla. Jul. 22, 2013).  "Florida's courts have not hesitated to enter [] an award [of fees pursuant to section 542.335(1)(k)] if authorized to do so." Id. (citing Puleo v. Morris, 98 So. 3d 248, 250 (Fla. 2d DCA 2012); Sun Group, 890 So. 2d at 412).

As noted above, the November 22, 2021, Order provided "that Plaintiff's pleadings fail[ed] to sufficiently establish plausible claims for breach of contract against the Defendants that were not signatories to the 2010 Distributor Agreement".  See Order [D.E. 95 at 15].  Moreover, it is undisputed that Waxpert was not a signatory to the 2010 Distributor Agreement. See Reply [D.E. 115 at 4] (citing Order [D.E. 95 at 15–16]).  Therefore, the restrictive covenants contained therein could not be enforced against Waxpert either. Mobile Shelter, 2013 WL 3815595, at *4.  Hence, Waxpert is entitled to recover fees as to Counts 1–3 under Florida law, pursuant to Section 542.335(1)(k).  Id. ("[A]n award is especially justified in light of the tenuous nature of the breach of contract count, in which Plaintiff sought to bind a non-signatory to a restrictive covenant despite a Florida statute specifically disallowing such a claim.").

**V.     Whether Waxpert is entitled to recover attorney's fees for defending against all of Plaintiff's claims.**

Rather than limiting its attorney's fees request to the time expended in defending against Counts 1–3, Waxpert seeks to recover fees for defending against all nine counts in the Amended

Complaint on the grounds that the claims are "intertwined".  <u>See</u> Entitlement Motion [D.E. 108 at

7–8] (quoting <u>Blanco v. TransAtlantic Bank</u>, No. 07-20303-Civ, 2009 WL 2834947, at *5 (S.D.

Fla. June 11, 2009)).  "Where [] 'a party is entitled to an award of fees for only some of the claims

involved in the litigation, i.e., because a statute or contract authorizes fees for a particular claim but

not others, the trial court must evaluate the relationship between the claims' to determine the scope

of the fee award."  <u>Durden v. Citicorp Tr. Bank, FSB</u>, 763 F. Supp. 2d 1299, 1306 (M.D. Fla. 2011)

(quoting <u>Chodorow v. Moore</u>, 947 So. 2d 577, 579 (Fla. 4th DCA 2007)).  "[W]here the claims

involve a common core of facts and are based on related legal theories, a full fee may be awarded

*unless it can be shown that the attorneys spent a separate and distinct amount of time on counts as*

*to which no attorney's fees were sought* [*or were authorized*]."  <u>Chodorow</u>, 947 So. 2d at 579

(emphasis and alteration in original) (internal quotation marks and citations omitted).  "The party

seeking an award of fees has the burden to allocate them to the issues for which fees are awardable

or to show that the issues were so intertwined that allocation is not feasible."  <u>Durden</u>, 763 F. Supp.

2d at 1307 (quotation marks and citations omitted).

In light of Waxpert's request that the Court "bifurcate the issue and make an initial finding

that it is entitled [to] an award of attorney's fees against Plaintiff", <u>see</u> Entitlement Motion [D.E.

108 at 5], the undersigned concludes that the quantification of Waxpert's fee award will necessarily

involve resolution of the interrelatedness issues after review of Waxpert's documentation in support

of its total fee request.

## **RECOMMENDATION**

In accordance with the foregoing, the undersigned RESPECTFULLY RECOMMENDS

that Defendant's Entitlement Motion [D.E. 108] be GRANTED IN PART pursuant to Section

542.335(1)(k), Florida Statutes; and that Waxpert be directed to submit its statement of fees and

costs in compliance with Local Rule 7.3 of the Southern District of Florida's Local Rules.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Aileen M. Cannon, United States District Judge.  Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal.  See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).  Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."  See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers in Miami, Florida, on this 13th day of June, 2022.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE


cc:     United States District Judge Aileen M. Cannon
        Counsel of Record