**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**CASE NO. 20-24441-CIV-CANNON/Otazo-Reyes**

**K3 ENTERPRISES, INC.**,

    Plaintiff,

v.

**LUBA SASOWSKI**,
**SASOWSKI WAX HAIR REMOVAL BAR, LTD.**,
**WAX HAIR REMOVAL BAR, LLC**, and
**NO. 5 DISTRIBUTING, INC.**,

    Defendants.

                                                /

## ORDER FOLLOWING CALENDAR CALL AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' OMNIBUS MOTION IN LIMINE

**THIS CAUSE** comes before the Court following Calendar Call on August 9, 2022, during which the Court heard argument on Defendants' Omnibus Motion In Limine (the "Motion") [ECF No. 159] and discussed other trial-related matters. The Motion seeks to exclude evidence related to (1) Plaintiff's alleged damages; (2) untimely disclosed documents; (3) an untimely disclosed trial witness; (4) the ultimate determination of whether certain witnesses are credible; (5) improper expert opinions; (6) Luba Sasowski's state of mind, intent, and knowledge; (7) the parties' settlement negotiations; (8) Plaintiff's equitable claim for injunctive relief; (9) the ultimate determination of whether certain information constitutes trade secrets under Florida law; (10) the parties' oral communications, course of conduct, and performance; (11) the Court's prior orders and rulings; and (12) any unpled theories of liability [ECF No. 159]. The Court ruled on several of these requests in open court, as memorialized in the conclusion below, and offers the following supplementary analysis in connection with Plaintiff's alleged damage and the untimely disclosed

documents. The Court also provides a detailed review of the procedural history in this case for additional context. For the reasons stated in open court and further described below, the Motion [ECF No. 159] is **GRANTED IN PART AND DENIED IN PART**.

## PROCEDURAL HISTORY

Plaintiff initiated this lawsuit on July 2, 2020, in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida [ECF No. 1-1]. The original complaint indicates that the amount in controversy is $2,000,000 [ECF No. 1-1 p. 4 ¶ 6]. Defendants removed the action to federal court on October 28, 2020 [ECF No. 1]. The following week, Judge Cecilia M. Altonaga held a status conference during which the parties proposed a 60-day period to conduct jurisdictional discovery [ECF No. 7]. Judge Altonaga approved the parties' proposal, instructing them to complete jurisdictional discovery on or before January 4, 2021 [ECF No. 8]. Shortly after that status conference, Judge Cecilia M. Altonaga issued a scheduling order setting trial for December 20, 2021 [ECF No. 13], following which the case was reassigned to the undersigned [ECF No. 16; *see also* ECF No. 20 (Amended Scheduling Order using the same December 20, 2021, trial date)].

Upon reassignment of the case and subsequent motions by the parties, the Court twice extended the deadline for completion of jurisdictional discovery [ECF Nos. 22–24, 26], ultimately setting a firm deadline of January 25, 2021 [ECF No. 26]. The Court also reset certain pre-trial deadlines in light of the extended jurisdictional discovery period, including by setting a deadline of August 23, 2021, for the completion of discovery [ECF Nos. 20, 28].

The parties conducted William Kercher's deposition on January 15, 2021 [ECF No. 36-2], and Luba Sasowski's deposition on January 22, 2021 [ECF No. 37-1]. As relevant here, during their respective depositions, Kercher was asked about damages for personal jurisdiction purposes

only [ECF No. 36-2 pp. 156–57], and Sasowki identified Pure Source LLC as the company she used to develop the competing products at issue in this case [ECF No. 37-1 p. 103].

After Defendants filed a Motion to Dismiss for Lack of Personal Jurisdiction [ECF No. 32], Plaintiff filed a Motion for Leave to File Amended Complaint [ECF No. 51]. The Court initially denied that request without prejudice because Plaintiff had failed to demonstrate good cause under Rule 16(b) [ECF No. 52]. But Plaintiff then filed a Renewed Motion for Leave to File Amended Complaint [ECF No. 53], which the Court ultimately granted [ECF Nos. 58, 60–61]—resulting in the filing of Plaintiff's First Amended Complaint on June 10, 2021 [ECF No. 62].

On June 25, 2021, the parties moved to amend the scheduling order in light of the amended pleading [ECF No. 67], and the Court granted that request—extending the close of discovery by four months to December 21, 2021, and resetting trial for April 25, 2022 [ECF No. 68]. Defendants then filed the Motion to Dismiss the First Amended Complaint in August 2021 [ECF No. 73], which the Court ultimately granted in part and denied in part [ECF No. 95].

Meanwhile, Defendants submitted a Request for Production on November 21, 2021, in which they requested, among other things, "[a]ll documents related to any damages . . . and all calculations related to those damages" [s*ee* ECF No. 129-9].[1] In response to that specific request, Plaintiff provided only the following unadorned statement: "[u]ndetermined at this time" [ECF No. 129-9 p. 11]. Plaintiff did not provide a computation of any category of damages or

---

[1] Defendants also requested all documents "reflecting any agreement between [Plaintiff and Defendants] to exclusively distribute the product line known as South Beach Skin Solutions," "pertaining in any way to . . . any distribution agreement between [Plaintiff and Defendants]," "reflecting communications between [Plaintiff] and [Defendants]," "relating to the allegations . . . that [Defendants] were granted the exclusive right to distribute [Plaintiff's] products . . . in the United States," and "relating to [Plaintiff's] cease and desist letter . . . to [Defendants]" [ECF No. 129-9]. Plaintiff provided certain documents in response in December 2021 [*see* ECF No. 129-9] and, as discussed below, later supplemented its disclosures in May and June of 2022 [*see* ECF No. 159 pp. 7–8].

3

make available any documents or other evidentiary material on which a computation of damages could be based. *See* Fed. R. Civ. P. 26(a)(1)(A)(iii).

Pursuant to the Court's Order Granting in Part and Denying in Part the Motion to Dismiss [ECF No. 95], Plaintiff filed the Second Amended Complaint on December 20, 2021 [ECF No. 99]. That Complaint identifies the following categories of actual damages: "lost sales, damage to reputation, loss of past and future business opportunities, and expenses to recover lost sales and to regain customers diverted by Defendants' wrongful acts" [ECF No. 99 ¶¶ 34, 39, 44, 52, 60, 80]. It also seeks exemplary damages under Section 688.004(2) of the Florida Statutes in connection with its misappropriation of trade secrets claim [ECF No. 99 p. 42].

The following day, on December 21, 2021, Plaintiff moved for another extension of discovery, this time for an additional ten days to Respond to Discovery Requests [ECF No. 102]. The Court granted the request, instructing the parties to complete discovery on or before December 31, 2021 (almost a full year after the depositions of Kercher and Sasowski) [ECF No. 103]. The Court also granted additional extensions of pre-trial and trial deadlines via a Third Amended Scheduling Order—ultimately setting April 18, 2022, as the pre-trial motions deadline and July 5, 2022, as the start of the trial period [ECF Nos. 104–05, 122–23].

On April 18, 2022, Defendants timely filed a Motion for Summary Judgment [ECF No. 128]. To account for the need for corrected briefing as a result of Plaintiff's initial failure to file an opponent's statement of material facts, the Court again had to reset trial for August 15, 2022 [ECF No. 145]. Then, during a status conference held on May 18, 2022 [ECF No. 146], Plaintiff made an *ore tenus* request to reopen discovery for purposes of serving a third-party subpoena on Pure Source LLC—the third party that Sasowski identified at her January 22, 2021, deposition [ECF No. 37-1 p. 103]. The Court denied that request, noting that

(1) Plaintiff was submitting the request four months after the close of discovery (December 31, 2021); (2) Plaintiff had ample time between Sasowkis's January 2021 deposition and the close of discovery in December 2021 to seek information from Pure Source LLC if it so desired, and (3) Plaintiff offered no satisfactory explanation for its untimely request [ECF No. 147]. Following the Court's ruling, Plaintiff's counsel noted that the proposed third-party discovery would have been helpful but was not necessary.

Meanwhile, in May and June of 2022—again, more than four months after the close of discovery—Plaintiff produced over 270 documents to supplement its response to Defendants' November 21, 2021, request for production [ECF No. 129-9]. Those documents consist of years-old emails and communications between Plaintiff and Sasowki [*see* ECF No. 159 pp. 7–8]. As relevant here, they also include the cease-and-desist letter from Plaintiff and Sasowski's response thereto [*see* ECF No. 148-7]. Similarly, in July 2022, approximately one month before trial, Plaintiff disclosed to Defendants for the first time that it intends to call Pure Source LLC's corporate representative as a witness at trial [ECF No. 159 p. 10], and that it plans for Kercher to use an "Excel chart showing revenue and damages calculations" as a demonstrative aid at trial [ECF No. 159 pp. 4–5]. As of Calendar Call, Plaintiff has not provided that contemplated Excel chart to Defendants.

The Court ultimately granted in part and denied in part Defendants' Motion for Summary Judgment [ECF No. 176], finding genuine issues of material fact to exist with respect to all six Counts of the Second Amended Complaint [ECF No. 99]. In doing so, the Court recognized that Plaintiff, based on the general content of Kercher's sworn affidavit, had made a sufficient showing of damages to overcome summary judgment—while still acknowledging, however, that Plaintiff's

showing of damages was bare and devoid of specific numbers or supporting documentation [ECF No. 176 p. 12 n.4; *see* ECF No. 148-9 ¶¶ 16–26].

Defendants filed the instant motion in limine on July 18, 2022, seeking to exclude various kinds of evidence [ECF No. 159]. By doing so, Defendants alerted the Court to (1) Plaintiff's failure to date to produce "a computation of each category of damages" as required by Rule 26(a)(1)(A)(iii); (2) Plaintiff's untimely disclosure of the 270+ documents produced in May and June of 2022; and (3) Plaintiff's untimely disclosure of the Pure Source corporate representative as a potential witness [ECF No. 159]. The parties presented argument on the Motion in written briefs [*see* ECF No. 165 (Response); ECF No. 173 (Reply); ECF No. 178 (Plaintiff's Notice of Supplemental Authority); ECF No. 179 (Defendants' Response to Notice of Supplemental Authority)] and in open court [ECF No. 177]. The Motion is ripe for adjudication.

## LEGAL STANDARD

Rule 26(a)(1) of the Federal Rules of Civil Procedure requires all parties to provide certain initial disclosures early in the proceedings. *See* Fed. R. Civ. P. 26(a)(1). As relevant here, Rule 26(a)(1)(A)(i) requires parties to affirmatively disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that [they] may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i). Similarly, Rule 26(a)(1)(A)(iii) requires parties to disclose "a computation of each category of damages claimed by [them]" and to "make available for inspection and copying . . . the documents or other evidentiary material . . . on which each computation is based." Fed. R. Civ. P. 26(a)(1)(A)(iii). Rule 26(e), lastly, requires parties who have responded to a request for production to supplement or correct their disclosures and responses "in a timely manner if [they] learn that in some material respect [their] disclosure

6

or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process." Fed R. Civ. P. 26(e).

If a party violates Rule 26(a) or (e), Rule 37(c)(1) provides that the undisclosed information or witness should be excluded unless the failure to disclose was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1). In determining whether a failure to disclose was substantially justified or is harmless, courts consider the following factors: (1) the non-disclosing party's explanation for the failure; (2) the importance of the undisclosed information to the case; and (3) any prejudice or surprise to the opposing party. *See Romero v. Drummond Co.*, 552 F.3d 1303, 1321 (11th Cir. 2008). Moreover, the party that failed to comply with Rule 26(a) bears the burden of proving that the failure was substantially justified or is harmless. *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009). Courts readily apply the automatic exclusion sanction of Rule 37(c)(1) when parties fail to comply with Rule 26(a). *See, e.g.*, *Vital Pharms., Inc. v. Monster Energy Co.*, No. 21-13264, 2022 WL 3083273, at *3 (11th Cir. Aug. 3, 2022).

## SUPPLEMENTARY ANALYSIS

### I. Evidence of Plaintiff's Alleged Damages

As the record indicates, Plaintiff's disclosures related to damages are clearly insufficient for purposes of Rule 26(a). During discovery, Plaintiff produced, without more, a list of 387 third parties to whom Defendants sold and currently sells product in alleged breach of the parties' agreements [ECF No. 148-9 ¶ 27(d)(viii)], along with a response to a request for production that indicated that damages were "[u]ndetermined at [the] time" [ECF No. 129-9 p. 11 (Plaintiff's response dated December 27, 2021)]. Months after the close of discovery, Plaintiff provided Defendants with Kercher's conclusory sworn affidavit [ECF No. 148-9] and disclosed that it

intends to use an "Excel chart showing revenue and damages calculations" as a demonstrative aid at trial [ECF No. 159 pp. 4–5]. As discussed, the affidavit makes general references to lost sales, diverted customers, and diminished business growth—but it does not provide any concrete numbers, it does not offer "a computation of each category of damages sought" in the Second Amended Complaint, and it certainly does not come accompanied by any evidentiary material on which a computation may be based, Fed. R. Civ. P. 26(a)(1)(3) [*see* ECF No. 148-9]. Worse still, the anticipated Excel chart that Plaintiff referenced for the first time on July 15, 2022, as a demonstrative aid presumably to guide Kercher's anticipated damage-related testimony still has not been shown to Defendants as of Calendar Call. In sum, as of August 10, 2022, Plaintiff has not disclosed any computation of damages, let alone produced any documents on which such computations may be based. *See Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295–96 (2d Cir. 2006) (explaining that Rule 26(a)(1)(A)(iii) requires parties seeking damages to provide "both a calculation of damages *and* the documents supporting that calculation," without awaiting a discovery request).

Against this backdrop, Defendants now request that the Court exclude all evidence and calculations of damages [ECF No. 159 pp. 4–7]. In response, Plaintiff raises a series of ancillary and ultimately unconvincing arguments; Plaintiff says, for example, that both sides failed to make initial disclosures, that discovery in this case was somewhat unusual in that it began on the question of jurisdictional discovery, and that Defendants failed to adequately question Kercher during the January 15, 2021, deposition about his theory of damages or inquire about damages generally [ECF No. 165 pp. 3–7]. These arguments clearly fail. On this record, Plaintiff, the party seeking damages, blatantly has failed to comply with the requirement of Rule 26(a)(1)(A)(iii) to provide a computation of each category of damages and make available all evidentiary material on which

the computations are based. *See* Fed. R. Civ. P. 26(a)(1)(A)(iii). The alleged lack of initiative on the part of Defendants does not excuse Plaintiff's failure to fulfill its affirmative responsibilities under Rule 26. *City of Rome v. Hotels.com, L.P.*, 549 F. App'x 896, 905 (11th Cir. 2013) (rejecting an "attempt to shirk [the] responsibility under Rule 26(a) and [to] unload [the] obligation to provide initial disclosures onto the party [that] the rule is designed to protect").

Moreover, Plaintiff's insistence that the damages in this case are undeterminable because they are ongoing and difficult to quantify is unavailing; Plaintiff has not made any meaningful attempt to estimate the overall damages, to calculate them at least for a fixed period of time, or to provide documents in support of a damages figure. Plaintiff nevertheless purports to present oral testimony from Kercher to assist the jury in calculating damages—and that testimony appears to be based, at least in some regard, on undisclosed sales figures.[2] To allow Plaintiff to proceed with Kercher's testimony—without having provided Defendants with any numerical figures, supportive documentation, or even a clear understanding of what Plaintiff's testimony will cover—would be to endorse trial by ambush.

To summarize, Plaintiff has not established that its failure to comply with Rule 26(a)(1)(A)(iii) was substantially justified or is harmless. Accordingly, sanctions are warranted pursuant to Rule 37(c). *See* Fed. R. Civ. P. 37(c); *see also Cooper v. S. Co.*, 390 F.3d 695, 728 (11th Cir. 2004) ("[C]ompliance with the requirements of Rule 26 is not merely aspirational."). Courts routinely apply the automatic exclusion sanction in cases of noncompliance with Rule 26. *See Vital Pharms., Inc. v. Monster Energy Co.*, No. 21-13264, 2022 WL 3083273, at *3 (11th Cir.

---

[2] At Calendar Call, Plaintiff represented that Kercher would testify about the decline in sales and growth experienced by Plaintiff after Defendants' alleged breaches. Plaintiff did not, however, identify the documents on which that testimony is based or explain why such documents have not been produced. Plaintiff's insistence that the testimony is based on Kercher's general knowledge as the president of Plaintiff, distinct from any sort of records, is unconvincing.

Aug. 3, 2022) (affirming the district court's exclusion of plaintiff's actual-damages theories, where plaintiff failed to provide a computation of damages in its disclosures, declined to substantively answer defendant's interrogatories related to damages by stating that the inquiries were "premature," and failed to offer any witnesses with material information on the issue of damages); *Circuitronix, LLC v. Kinwong Elec. (Hong Kong) Co.*, 993 F.3d 1299, 1307 (11th Cir. 2021) (affirming the district court's exclusion of lost-profit damages for failure to disclose a computation of damages); *Carter v. BPCL Mgmt., LLC*, No. 19-60887-CIV, 2021 WL 7502558, at *2 (S.D. Fla. May 10, 2021) (excluding the damages claim for lost business opportunities where plaintiff did not provide any associated computation of damages).[3] Rather than exclude all of Plaintiff's actual damages claims, however, this Court opts, under the circumstances, to proceed with a less severe sanction. In light of the inherent difficulty associated with calculating damages for reputational harm, Plaintiff's failure to provide a computation for that particular category of damages is excused. *See Porous Media Corp. v. Pall Corp.*, 173 F.3d 1109, 1122 n.12 (8th Cir. 1999) (acknowledging that reputational damages are difficult to quantify); *Snead v. Redland Aggregates Ltd.*, 998 F.2d 1325, 1331 (5th Cir. 1993) (same); *Lewis v. Elliott*, 628 F. Supp. 512, 523 (D.D.C. 1986) (same). The same level of difficulty does not apply to Plaintiff's claims for "lost sales," "damage to loss of past and future business opportunities," and "expenses to recover lost sales and to regain customers diverted by Defendants' wrongful acts" [ECF No. 99 ¶¶ 34, 39, 44, 52, 60, 80]. Those are precisely the sort of claims for which Plaintiff could and should have offered, at

---

[3] In a Notice of Supplemental Authority, Plaintiff points the Court to a case in which the district court denied a motion to strike due to a Rule 26(a)(1)(A)(iii) disclosure violation where the plaintiff's damages were "relatively straightforward" [ECF No. 178 (citing *Dugas v. 3M Co.*, No. 3:14-CV-1096-J-39JBT, 2016 WL 3966141, at *2 (M.D. Fla. July 5, 2016)]. That authority is inapplicable to this case, where Plaintiff repeatedly has maintained that damages are difficult to quantify [*see, e.g.*, ECF No. 139 pp. 8–10; ECF No. 148 ¶ 59; ECF No. 148-9 ¶ 18; ECF No. 165 pp. 4–5].

minimum, rudimentary estimates of damages figures and some supporting documentation during the lengthy and extended period of discovery in this case [ECF Nos. 20, 68, 103].

In sum, Plaintiff may proceed to trial with a claim for actual damages as to reputational harm in connection with all six Counts and with an exemplary damages claim in connection with Count VI. Plaintiff's other actual damages claims are excluded pursuant to Rule 37(c) for failure to comply with Rule 26(a)(1)(A)(iii).

## II. Untimely Disclosed Documents

As discussed, Plaintiff produced over 270 new documents in May and June 2022, consisting of emails and communications between Kercher and Sasowski [*see* ECF No. 159 pp. 7–8; ECF No. 148-7]. In an attempt to justify this untimely disclosure, Plaintiff explains that it had to overcome technical difficulties arising from a lightning strike in September 2017 and a power surge issue in September 2020 [ECF No. 165 pp. 7–8; *see also* ECF Nos. 165-1, 165-2]. Those technical difficulties do not justify a disclosure in May and June 2022, almost two years after the power surge issue. Plaintiff's other explanation is that these documents consist of years-old emails, and Kercher was only "triggered . . . to look further into [his] file systems" after reading Defendants' Motion for Summary Judgment [ECF No. 165-1 ¶ 12]. That explanation is also inadequate.

Regardless, at Calendar Call, Defendants did not dispute that Sasowski had access to these emails, and Defendants have not articulated any compelling argument that the late disclosure of these emails, which presumably have been available to Sasowski throughout this entire proceeding, poses a risk of prejudice or other harm to Defendants. Moreover, it is undisputed that these emails are of great significance to one of the central questions in this case: whether the parties agreed to expand their contractual exclusive distribution territory, a matter heavily litigated

CASE NO. 20-24441-CIV-CANNON/Otazo-Reyes

throughout these proceedings and amply aired in court filings (unlike Plaintiff's complete failure to compute damages or provide supporting documentation of its damage theories). Therefore, on balance, the Court does not find the sanction of exclusion of these late-disclosed documents to be warranted.

## CONCLUSION

For the reasons stated above and in open court, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Trial in this matter is specially set to begin on **Monday, August 22, 2022, at 8:30 a.m.** The parties shall be prepared to address any evidentiary objections prior to jury selection and shall confer, prior to trial, regarding any substantive evidentiary objections as reflected in the exhibit lists [ECF Nos. 157-2, 164].

2. Defendants' Omnibus Motion In Limine [ECF No. 362] is **GRANTED IN PART AND DENIED IN PART**.

    a. Defendants' request to exclude evidence of damages [ECF No. 159 pp. 4–7] is **GRANTED IN PART AND DENIED IN PART**. As explained above, Plaintiff may present evidence on its actual damages claim for reputational harm and on its exemplary damages claim under Fla. Stat. § 688.004(2).

    b. Defendants' request to exclude the untimely produced documents [ECF No. 159 pp. 7–9] is **DENIED**.

    c. Defendants' request to exclude the testimony of Pure Source LLC's corporate representative [ECF No. 159 pp. 10–12] is **GRANTED IN PART AND DENIED IN PART**. As indicated in open court, and in light of Defendants' failure to timely disclose this potential witness despite learning about Pure Source LLC's

involvement in January 2021, *see* Fed. R. Civ. P. 26(a)(1)(A)(i), Pure Source LLC's corporate representative shall be permitted to offer impeachment testimony only. The corporate representative is thus permitted to provide testimony only insofar as there is a basis to believe that it impeaches the testimony of Defendant Luba Sasowski. Plaintiff's counsel is directed not to elicit testimony separate from any impeachment purpose.

d. Defendants' request to exclude evidence of Plaintiff's cease-and-desist letter [ECF No. 159 pp. 14–15] is **DENIED**.

e. Defendants' request to exclude evidence of the parties' oral communications, course of conduct, and performance [ECF No. 159 pp. 16–18] is **DENIED**.

f. In light of the parties' stated agreement in open court:

  i. Defendants' request to exclude testimony regarding witness credibility [ECF No. 159 pp. 12–13] is **DENIED AS MOOT**.

  ii. Defendants' request to exclude improper expert testimony [ECF No. 159 p. 13] is **DENIED AS MOOT**.

  iii. Defendants' request to exclude improper lay testimony about Luba Sasowski's state of mind, intent, and knowledge [ECF No. 159 pp. 13–14] is **DENIED AS MOOT**.

  iv. Defendants' request to exclude evidence of Plaintiff's request for injunctive relief [ECF No. 159 p. 15] is **DENIED AS MOOT**.

  v. Defendants' request to exclude evidence regarding the ultimate determination of whether certain information constitutes a trade secret [ECF No. 159 pp. 15–16] is **DENIED AS MOOT**, with the admonition that

Plaintiff's counsel is directed not to elicit a legal conclusion as drawn from statutory law.

vi. Defendants' request to exclude evidence of the Court's prior orders and rulings [ECF No. 159 pp. 18–19] is **DENIED AS MOOT**.

vii. Defendants' request to exclude evidence of unpled theories of liability [ECF No. 159 p. 19] is **DENIED AS MOOT**. Plaintiff is bound by the allegations and theories set forth in the Second Amended Complaint as limited by this Order [ECF No. 99].

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 11th day of August 2022.

                                                      **AILEEN M. CANNON**
                                                      **UNITED STATES DISTRICT JUDGE**

cc:    counsel of record