UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 20-24441-CIV-CANNON/Otazo-Reyes

**K3 ENTERPRISES, INC.**,

    Plaintiff,

v.

**LUBA SASOWSKI, et al.**,

    Defendants.
_____/

## ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**THIS CAUSE** comes before the Court upon Waxpert Holdings, LLC's Motion to Determine Entitlement to Attorneys' Fees (the "Motion") [ECF No. 108], filed on January 20, 2022.[1]  Pursuant to the Order of Referral [ECF No. 109], the Motion was referred to Magistrate Judge Alicia M. Otazo-Reyes for a Report and Recommendation.  On June 13, 2022, Judge Otazo-Reyes issued such a Report, recommending that the Motion be granted in part and denied in part [ECF No. 153].  Specifically, the Report recommends (1) granting Waxpert's request to bifurcate the issues of entitlement and amount with respect to attorneys' fees; (2) finding Waxpert to be entitled to attorneys' fees pursuant to Section 542.335(1)(k) of the Florida Statutes in connection with Plaintiff's claims for breach of contract; (3) finding Waxpert not to be entitled to attorneys' fees pursuant to Section 688.005 of the Florida Statutes in connection with Plaintiff's claim for misappropriation of trade secrets; and (4) deferring resolution of the claim-interrelatedness issue

---

[1] Waxpert Holdings, LLC ("Waxpert") was named as a Defendant in the Original Complaint [ECF No. 1-1 pp. 2–20] and the First Amended Complaint [ECF No. 62].  The Court dismissed Waxpert as a Defendant pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure based on the parties' stated agreement at the November 10, 2021, Motion Hearing that Waxpert had been dissolved and should be dismissed from this action [ECF No. 95 (citing Fed. R. Civ. P. 41(a)(2))].

CASE NO. 20-24441-CIV-CANNON/Otazo-Reyes

until review of the documentation that Waxpert submits in support of its total fee request [ECF No. 153 (citing Fla. Stat. §§ 542.335(1)(k), 688.005)]. The Report also instructed the parties to file any objections to its recommendations on or before June 27, 2022 [ECF No. 153 p. 11]. No party has filed any objections to the Report, and the time to do so has expired.

Upon review, the Court finds the Report to be well-reasoned and correct.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [ECF No. 153] is **ACCEPTED**.

2. Waxpert Holdings, LLC's Motion to Determine Entitlement to Attorneys' Fees [ECF No. 108] is **GRANTED IN PART AND DENIED IN PART** as recommended.

3. Waxpert Holdings, LLC shall file any motion for an award of attorneys' fees, accompanied by documentation in support of a reasonable total fee amount, on or before **September 6, 2022**. *See* S.D. Fla. L.R. 7.3(a).[2]

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 12th day of August 2022.

_____
AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE

cc:    counsel of record

---

[2] Any future motion for attorneys' fees will be considered alongside the understanding that Waxpert Holdings, LLC was dismissed as a party in November 2021 pursuant to Rule 41(a)(2), still during the motion to dismiss stage of this proceeding, and without any extensive separate briefing or substantive objection by Plaintiff.